UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP EADY,

        Petitioner,        Case Number: 07-13979

v.        HONORABLE PATRICK J. DUGGAN

BILL DAVIS,

        Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 10, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Bishop Eady has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner currently is a state prisoner incarcerated at the Ionia Correctional Facility in Ionia, Michigan. He pleaded no contest in Wayne County Circuit Court to armed robbery in exchange for the dismissal of two additional charges, and was sentenced to 8 to 20 years imprisonment. In his petition, Petitioner challenges his conviction and sentence claiming that his no contest plea was not supported by a sufficient factual basis and that there was an abuse of discretion in the selection of the charged offenses. For the reasons which follow, the Court dismisses the petition without prejudice.

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal basis for the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must be presented to the state courts as a federal constitutional issue. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The Sixth Circuit has noted four actions a defendant can take which are significant to determine whether a claim has been "fairly presented" to the state courts:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claims in terms of constitutional law or in terms sufficiently particular to allege a denial of a constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)).

To satisfy the exhaustion requirement, a prisoner must invoke one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. This means that state prisoners in Michigan must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in a federal habeas corpus petition. *Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003) (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)); *Hafley v.*

*Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994.)

By his own admission, Petitioner has not exhausted his claim that there was an abuse of discretion in the selection of the charged offenses. (Pet. at 1a-6.) His other claim appears to have been raised before both Michigan appellate courts. Thus, the petition is a "mixed" one, presenting an exhausted and unexhausted claim.

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claim to the state courts. Petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.* Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

When a petitioner files a mixed habeas petition, a district court has the discretion to dismiss the petition without prejudice or to stay the matter and hold further proceedings in abeyance pending the petitioner's exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277-279, 125 S. Ct. 1528, 1535 (2005). In *Rhines*, however, the Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. More specifically, the Supreme Court indicated that the procedure is appropriate only when there is a concern that outright dismissal of the mixed petition might jeopardize the timeliness of a future petition. *Id.*

In this case, outright dismissal of the petition should not jeopardize the timeliness of a future petition. Petitioner's application for leave to appeal his conviction in the

Michigan Supreme Court was denied on September 26, 2006. *People v. Eady*, 477 Mich. 869 (Mich). The one-year limitations period applicable to this habeas petition commenced on December 26, 2006, when the time for filing a petition for a writ of certiorari to the United States Supreme Court expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). Thus, approximately three months remain in the one-year limitations period. Furthermore, although the statute is not tolled for the time during which this action is pending, *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001), the limitations period will be tolled while a "properly filed" motion for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134 (2002). The Court cautions Petitioner not to delay in pursing his state remedies and, if unsuccessful, in re-filing his habeas petition.

In summary, Petitioner's petition for a writ of habeas corpus contains an unexhausted claim and Petitioner should be able to comply with the federal statute of limitations even if the Court does not stay this action. Therefore, the Court is dismissing the petition without prejudice. Should Petitioner wish to delete the unexhausted claim and proceed only on the exhausted claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of his order.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Bishop Eady
#215515
Ionia Maximum Correctional Facility
1576 West Bluewater Hwy.
Ionia, MI   48846

5